UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
<u>CIVIL DIVISION</u>

| | |
|---|---|
| STEVEN BRANNUM ) <br> 1920 S. Street, N.W., #605 ) <br> Washington, D.C. 20009 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FANNIE MAE ) <br> 3900 Wisconsin Avenue, NW ) <br> Washington, DC 20016 ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:12-CV-00305 <br> District Judge: Emmet G. Sullivan |

**<u>FANNIE MAE'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

COMES NOW Defendant Fannie Mae, formally known as the Federal National Mortgage Association, by and through its undersigned counsel hereby submits this Answer and Affirmative Defenses to the Complaint filed by the Plaintiff Steven Brannum. In answer and defense to the Complaint, Fannie Mae states as follows:

1. Fannie Mae admits that this Court had jurisdiction over this matter.

2. Fannie Mae admits that venue is proper in this Court.

3. Fannie Mae admits that the allegations contained in Paragraph 3 of the Complaint. However, Defendant avers that the title of Plaintiff's position may have changed during his employ.

4. Fannie Mae admits the allegations contained in Paragraph 4 of the Complaint.

5. Fannie Mae admits the allegations contained in Paragraph 5 of the Complaint.

6. Fannie Mae admits that the Claimant was terminated from Fannie Mae as a result of a reduction in force and that he was a member of the Public Entities Loan Team managed by Carl Riedy. Fannie Mae denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Fannie Mae denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8. Fannie Mae admits that upon information and belief Plaintiff attended and graduated from the educational institutions identified in Paragraph 8 of the Complaint, but denies the characterization of Plaintiff's accomplishments at those institutions and the remaining allegations in Paragraph 8.

9. Fannie Mae admits that Plaintiff began his employment in 2002 in the American Community Fund at Fannie Mae and denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Fannie Mae denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Fannie Mae denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Fannie Mae admits that at some time, Mr. Riedy became the officer for the Public Entity Channel and that he had two independent teams under his supervision: (1) the Public Entity Loan Team and (2) the Housing Finance Agency Team. Fannie Mae denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Fannie Mae admits that when Plaintiff returned from assignment in the Pasadena office he reported to Eileen Neely (White) and Carl Reidy on the Public Entity Loan Team. Fannie Mae denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Fannie Mae denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Fannie Mae denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16. Fannie Mae denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Fannie Mae denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Fannie Mae denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Fannie Mae denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20. Fannie Mae denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

21. Fannie Mae denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Fannie Mae denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Fannie Mae admits the allegations contained in Paragraph 23 of the Complaint.

24. Fannie Mae denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25. Fannie Mae denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26. Fannie Mae denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27. Fannie Mae admits that in the Fall of 2008 Mr. Reidy developed a plan to restructure his organization. Fannie Mae denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Fannie Mae denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29. Fannie Mae admits that Mr. Reidy discussed his plan to restructure his organization with his supervisor Mr. Hayward. Fannie Mae denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Fannie Mae denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Fannie Mae admits that Mr. Hayward approved Mr. Reidy's plan and denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. Fannie Mae denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Fannie Mae denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Fannie Mae admits the allegations contained in Paragraph 34 of the Complaint.

35. Fannie Mae denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36. Fannie Mae denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37. Fannie Mae denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38. Fannie Mae denies the allegations contained in Paragraph 38 of the Complaint and avers that the justification memorandum authored by Mr. Reidy speaks for itself.

39. Fannie Mae denies the allegations contained in Paragraph 39 of the Complaint and demands strict proof thereof.

40. Fannie Mae denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41. Fannie Mae denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42. Fannie Mae denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Fannie Mae denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. Fannie Mae denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

45. Fannie Mae denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Fannie Mae denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

47. Fannie Mae denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Fannie Mae denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

49. Fannie Mae admits that Maria Day-Marshall and Russell Atah-Safoh were also notified that their positions were eliminated. Fannie Mae denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. Fannie Mae denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. Fannie Mae admits that Lisa Zukoff was retained in the restructured department. Fannie Mae denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. Fannie Mae denies the allegations contained in Paragraph 52 of the Complaint and demands strict proof thereof.

53. Fannie Mae denies the allegations contained in Paragraph 53 of the Complaint and demands strict proof thereof.

54. Fannie Mae denies the allegations contained in Paragraph 54 of the Complaint and demands strict proof thereof.

55. Fannie Mae denies the allegations contained in Paragraph 55 of the Complaint and demands strict proof thereof.

56. Fannie Mae admits that Mr. Reidy did not select Plaintiff to replace Michael Lohmeier on the Housing Finance Agency Team because Plaintiff lacked the qualifications, skill

ability and aptitude for the position. Fannie Mar denies the remaining allegations of Paragraph 56 of the Complaint.

57. Fannie Mae denies the allegations contained in Paragraph 57 of the Complaint and demands strict proof thereof.

58. Fannie Mae denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59. Fannie Mae denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

60. Fannie Mae admits that Plaintiff filed a charge of discrimination with the District of Columbia Office of Human Rights and Local Business Development on or about July 13, 2009. Fannie Mae further avers that the DCOHR issued a decision in favor of the Company – rejecting the Plaintiff's claims. Fannie Mae denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Fannie Mae admits that Plaintiff filed a demand for arbitration pursuant to the Company's Dispute Resolution Policy and that his discrimination claims were tried before a neutral and unbiased arbitrator. Fannie Mae further avers that a final award was issued on or about December 30, 2011 in favor of the Company, rejecting all claims asserted by the Plaintiff. Fannie Mae denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. Fannie Mae admits the allegations contained in Paragraph 62 of the Complaint.

63. Fannie Mae reasserts its answers and responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Paragraph 64 of the Complaint states a legal conclusion to which no answer need be provided. To the extent an answer is required, Fannie Mae denies the allegations contained in Paragraph 64 of the Complaint.

65. Fannie Mae denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof.

66. Fannie Mae denies the allegations contained in Paragraph 66 of the Complaint and demands strict proof thereof.

67. Fannie Mae admits that no White employees had their positions eliminated in the restructuring. Fannie Mae denies the remaining allegations contained in Paragraph 67 of the Complaint.

68. Fannie Mae denies the allegations contained in Paragraph 68 of the Complaint and demands strict proof thereof.

69. Fannie Mae denies the allegations contained in Paragraph 69 of the Complaint and demands strict proof thereof.

70. Paragraph 70 of the Complaint states a legal conclusion to which no answer need be provided. To the extent an answer is required, Fannie Mae denies the allegations contained in Paragraph 70 of the Complaint.

71. Fannie Mae denies the allegations contained in the unnumbered Paragraph following Paragraph 71 of the Complaint and demands strict proof thereof. Fannie Mae further states that Plaintiff is not entitled to any of the relief requested in that Paragraph.

72. To the extent Fannie Mae has not answered or otherwise responded to any of preceding allegations of the Complaint, Fannie Mae denies such allegations and demands strict proof thereof. Fannie Mae further reserves the right to amend its answers to the Complaint.

`Case 1:12-cv-00305-EGS   Document 5   Filed 04/16/12   Page 9 of 11`

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Claimant fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any of Claimant's claims are barred by the applicable statute of limitations, those claims should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

The issues or actions complained of in Plaintiff's Complaint, if in fact they occurred, were motivated by legitimate, non-discriminatory, and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

At all material times, Plaintiff was employed by Fannie Mae on an at-will basis. As such, both Fannie Mae and Plaintiff had the right to terminate the employment relationship at any time, with or without cause or notice (except as otherwise provided by law).

### FIFTH AFFIRMATIVE DEFENSE

Fannie Mae states that it would have made the same employment decisions regarding Plaintiff even in the absence of any alleged unlawful motive(s).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to lessen or mitigate any damages he may have sustained, if any, and is therefore barred from recovery against Fannie Mae.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover any damages in any amount against Fannie Mae because he was not injured by any "unlawful" acts of Fannie Mae, or by acts of persons action on behalf of the Company.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against Fannie Mae, because he cannot establish fault by Fannie Mae to justify the imposition of such damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded under the doctrine of *res judicata*.

Fannie Mae hereby reserves the right to amend its answer and add any appropriate defenses against Plaintiff as necessary prior to the trial in this matter.

**Dated:**  April 16, 2012                              Respectfully submitted,


**FANNIE MAE**


By:_____/s/_____
         Damien G. Stewart

**Counsel for Fannie Mae:**

Damien G. Stewart
Legal Department/Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington DC  20016-2892

**CERTIFICATE OF SERVICE**

I hereby certify that Fannie Mae's Answer and Affirmative Defenses was served on the Plaintiff, via email through ECF, if available, or otherwise by regular mail at the address below on this 16th day of April, 2012.

> Steven Brannum
> 920 S. Street, NW, No.: 605
> Washington, D.C. 20009

> _____/s/_____
> Damien G. Stewart